**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

Kelly Wright

    v.                                        Civil No. 07-cv-93-PB

United Parcel Service, Inc.

**O R D E R**

On January 2, 2008 defendant, by its attorney, had the following subpoena *duces tecum*, returnable January 7, 2008, served on non-party Patrick Wright:

> All medical records, including but not limited to records concerning consultations, treatment, medical history and care, lab reports, photographs, x-rays, therapy reports and treatment plans.

Mr. Wright, husband of the plaintiff, objects.

**BACKGROUND**

The suit involves a claim by Kelly Wright for sexual harassment and retaliation against her employer UPS. There is no claim for loss of consortium. Ms. Wright does have a claim for mental anguish, stress, depression and anxiety. Her records reflect notations that her husband's suicide attempt in 1999 increased her stress as did his treatment for cancer. Defendant seeks all treatment records of Mr. Wright for those episodes and all of his other medical records.

**DISCUSSION**

It would be hard to imagine a more intrusive and abusive discovery effort against a non-party. In this Title VII action, federal common law of privilege provides the applicable rules. Garrett v. City and County of San Francisco, 818 F.2d 1515, 1519, n.6 (1987).

To the extent that the subpoena seeks discovery of Mr. Wright's communications with any licensed health professional, it is barred by the federal psychotherapist privilege. See Jaffee v. Redmond, 518 U.S. 1, 14-17 (1996).

With regard to a physician-patient privilege federal courts have not acted to recognize one. See Skinner v. O'Mara, 2000 WL 1507427, *2 (D.N.H.). The court must engage in a balancing of the "probative value of discovery... against privacy interests..." Gill v. Gulfstream Park Racing Ass'n., Inc., 399 F.3d 391, 400 (1st Cir. 2005).

> [A]lthough [Rule 26(c)] contains no specific reference to privacy... such matters are implicit in the broad purpose and language of the rule.

Seattle Times Co. v. Rhinehart, 467 U.S. 20, 35 n. 21 (1984).

> [I]n determining which interests to weigh in the Rule 26 balance, courts look to statutory confidentiality provisions, even if they do

not create enforceable privileges.

<u>In re: Sealed Case (Medical Records)</u>, 381 F.3d 1205, 1215-16 (D.C. Cir. 2004). The New Hampshire medical-records privilege does not create an enforceable privilege in this case, but it is a factor in favor of exercising the court's discretion to quash the subpoena. <u>Id.</u>

Here, defendant's have plaintiff's medical records to show pre-existing mental anguish. Those records identify the source of that anguish and are the most relevant records to establish the extent of the prior anguish. On the other hand, the invasiveness into Mr. Wright's privacy sought by the subpoena is breathtaking. He is not a party and the records add little but embarrassment and humiliation.

The subpoena is quashed. The motion (Document no. 15) is granted.

**SO ORDERED.**

James R. Muirhead
United States Magistrate Judge

Date:    February 22, 2008

cc:      Counsel of Record

3